**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON ANDREW SMITH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>J.W. KATAVICH, Warden,<br><br>　　　　　Respondent. | Case No. CV 13-1262 AB (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which the parties have made objections. The Court accepts the Report, with the following exception.

　　　After the Report and Recommendation was issued, the Supreme Court held in *Johnson v. Lee*, 136 S. Ct. 1802, 1805-06 (May 31, 2016), that California's *Dixon* rule is an adequate state procedural rule that bars federal habeas review. In light of *Johnson v. Lee*, the Report and Recommendation is ordered changed as

follows: (1) The sentence on page 14, line 27 to page 15, line 1 is stricken; and (2) Section A, at page 9, line 17 to page 10, line 16, is replaced as follows:

### A. Grounds Two and Three are arguably procedurally defaulted.

Respondent contends that Grounds Two and Three — instructional error and insufficiency of the evidence — are procedurally defaulted because the California Court of Appeal rejected it on independent and adequate state law procedural grounds, specifically, California's "*Dixon* rule." (Ans. Mem. at 12-15.) In this case, the Court of Appeal did not cite *Dixon* itself, but cited three other cases[1] which Respondent says stand for the same proposition as *Dixon*, namely that habeas corpus cannot stand as a substitute for appeal.

In order for a claim to be procedurally defaulted for federal habeas corpus purposes, "the application of the state procedural rule must provide 'an adequate and independent state law basis' on which the state court can deny relief." *Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000). "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001); *Morales v. Calderon*, 85 F.3d 1387, 1393 (9th Cir. 1996) ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law.'"). In order for a state procedural bar to be "adequate," the state courts must employ a "firmly established and regularly followed state practice." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991).

---

[1] *In re Harris*, 5 Cal.4th 813, 826 (1993), *In re Clark*, 5 Cal. 4th 750, 765 (1993), and *In re Waltreus*, 62 Cal. 2d 218, 225 (1965).

Under *In re Dixon*, 41 Cal. 2d 756, 759 (1953), habeas corpus cannot serve as a substitute for appeal and absent special circumstances, habeas relief is not available for a claimed error that could have been, but was not raised on direct appeal. In *In re Robbins*, 18 Cal. 4th 770, 811-12 (1998), the California Supreme Court explicitly held that it would no longer consider whether an error alleged in a state habeas corpus petition constituted a federal constitutional violation. In other words, if the California Supreme Court finds a claim to be procedurally defaulted after *Robbins* was decided, it has done so solely upon state law grounds. *Id.* Here, petitioner's state habeas corpus petition was denied by the California Court of Appeal in June 2012, 14 years after *Robbins* was decided. Accordingly, the California Court of Appeal's denial of the petition was necessarily predicated only upon consideration of state law issues, rendering the ruling an independent procedural bar. *See, e.g., Franklin v. Walker*, 2009 WL 5215371, at *5 (E.D. Cal. Dec. 28, 2009) (finding *Dixon* rule to be independent when the default was applied subsequent to the *Robbins* decision), *Report and Recommendation adopted by* 2010 WL 431733 (E.D. Cal. Feb. 2, 2010); *Craft v. Yates*, 2009 WL 3486303, at *5 (E.D. Cal. Oct. 23, 2009) (Tallman, R., Circuit Judge sitting by designation) (same); *Protsman v. Pliler*, 318 F. Supp. 2d 1004, 1006-08 (S.D. Cal. 2004) (same).

Whether the procedural bar imposed was adequate in addition to being independent depends on whether it was "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). The Supreme Court has held that California's *Dixon* rule is well-

3

1
2
3
established and regularly followed, and therefore adequate to bar federal habeas review. *See Johnson v. Lee*, 136 S. Ct. 1802, 1805-06 (2016) (per curiam).

4
5
6
7
8
9
10
Consequently, federal habeas review of Grounds Two and Three is barred, unless petitioner can demonstrate cause for his procedural default and actual prejudice as a result of the alleged violation of federal law. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Smith v. Baldwin*, 510 F.3d 1127, 1146 (9th Cir. 2007); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003); *Park*, 202 F.3d at 1150. Here, petitioner has not purported to make either showing.

11
12
13
14
15
16
17
18
19
20
21
22
23
The Supreme Court has recognized an exception to the requirement that the petitioner demonstrate both "cause" and "prejudice," where the petitioner can demonstrate that failure to consider the procedurally defaulted claim will result in a fundamental miscarriage of justice because he is actually innocent of the crimes of which he was convicted. *See, e.g., Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Smith*, 510 F.3d at 1139; *Noltie v. Peterson*, 9 F.3d 802, 806 (9th Cir. 1993). As discussed in Section C of the Report and Recommendation, petitioner has not demonstrated that failure to consider his claims in Grounds Two and Three will result in a fundamental miscarriage of justice based on actual innocence. The merits of Grounds Two and Three are also considered and denied in Sections E and B of the Report and Recommendation.

24
25
26
IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) petitioner's request for an

27
///

28

evidentiary hearing is denied; and (3) Judgment shall be entered dismissing this action with prejudice.

DATED: August 17, 2016

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE